[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved to modify the parenting plan entered pendente lite on January 20, 2000.
The parties, who are not married to each other, have a minor child, Ian Pierce, born August 23, 1995.
The matter was referred to the Family Relations Office for mediation. As a result of that mediation, the parties agreed to most of the details of a parenting plan although the plaintiff, in his proposed orders, has asked for some modifications of pick-up and return times, for example a pick up time during summer and vacations of 8:00 A.M. instead of 9:00A.M.
The Court believes the details recommended by the family services counselors (and apparently agreed to at the time) are more reasonable, and adopts the terms of said report.
Accordingly, it is ordered as follows:
 1. The parties shall continue to share joint custody of Ian, primary residence with mother. CT Page 11808
2. Holidays:
 • Thanksgiving — from 8-9 a.m. on Thanksgiving Day through Sunday at 3 p.m; Ian will be with mother in even numbered years and with father in odd numbered years.
 • Christmas Eve 2000, and all even-numbered years with father — from 5 p.m. on 12/24 overnight to approximately 9-10 a.m. on 12/25.
 • Christmas Day 2000, and all odd-numbered years with mother — from approximately 9-10
a.m. on 12/25 for entire day.
 In the years when father has Ian on Christmas Day, he will keep the child overnight and return him to mother the morning of December 26th.
 • New Year's Eve/New Year's Day — will be alternated each year, with father having Ian in 2000/2001 (even-numbered years) and mother having Ian in 2001/2002 (odd-numbered years).
 • Easter Sunday — 9 a.m. to 6 p.m. — will be alternated each year with mother having Ian in odd-numbered years and father having him in evennumbered years.
 • Memorial Day Weekend — Ian will be with father for this 3-day holiday each year.
 • Labor Day Weekend — Ian will be with mother for this 3-day holiday each year.
 • Mother's Day/Father's Day — irrespective of the normal weekend rotation, Ian will be with mother on Mother's Day and father on Father's Day from 9 a. m. to 6 p.m.
 • July 4th — Ian will be with parent who is normally scheduled to have him on the day of the week that this holiday happens to fall each year. CT Page 11809
 • Ian's birthday (August 23 — 9 a.m. to 6 p.m.) — mother will have Ian in 2000 and father will have him in 2001. They will continue to alternate the day, and will assure that the other parent also has contact with Ian on his birthday. Each parent will arrange a birthday party for Ian on his or her normally scheduled weekend.
 • Ian will always be with mother on her birthday (2/14) and with father on his birthday (4/27).
 • Halloween — the parties may alternate the holiday each year; however, if that is not possible due to the parent's schedules, they will make sure that, if at all possible, the other parent will at least have the opportunity to see Ian in his costume.
 • Three-day weekends of Martin Luther King Day (Jan.) Presidents' Day (Feb.), Columbus Day (Oct.) And Veteran's Day (Nov.) — whichever parent has Ian on that weekend may keep the child on the Monday holiday until 5 p.m. unless other arrangements are mutually agreed upon by the parties.
3. Vacations:
 The parties will split the February and spring (April) school vacations each year unless they mutually agree to other arrangements.
 Summer vacation — Each parent may exercise up to 2 weeks vacation during the summer with Ian, although the weeks will not be contingent while Ian is so young. Father will exercise first. choice in even years and mother will exercise first choice in odd years notifying one another in writing of such choice by April 1st
each year. The parties will also provide one another with a brief itinerary for vacations with an emergency telephone number.
 In 2000, father's vacation week shall be from 9 CT Page 11810 a.m. August 7 through 5 p.m. on August 13; mother's vacation week shall be August 14 through August 24; however, father will have contact with Ian on August 23rd (his birthday).
 4. During the summer months and school vacations, their parenting plan will be as follows:
 Father will have Ian every Thursday morning from 9 a.m. overnight through Friday at 5 p.m.; and on alternate weekends his access will extend from Thursday morning at 9 a.m. through Sunday at 5 p.m.
The parties did not agree to a parenting schedule for the school year. The Court agrees with the cogent reasoning of Judge Sullivan when he fashioned the orders of January 20, 2000.
Accordingly, during the school year, the alternating weekend schedule established in January 2000 shall essentially remain in effect and specifically as follows:
The plaintiff shall have parenting time with Ian every other weekend from Friday at approximately 1 p.m. (after he has returned home from school and has had lunch) until 5 p.m. on Sunday.
The plaintiff's request that he be notified whenever Ian is taken out of the state of Connecticut is unnecessarily restrictive and is denied. However, it is ordered that the defendant give the plaintiff not less than 60 days written notice if she intends to relocate the child's residence outside of Connecticut.
The plaintiff's request that each have the right of first refusal for parenting time if the regularly scheduled parent cannot exercise his or her parenting time for a period longer than five hours is not reasonable and is denied.
The plaintiff's motion to claim Ian as a tax exemption in all years ending in an odd number is granted.
Klaczak, J.